Filed: January 31, 2006

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 05-4626
(CR-04-158)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKIE CORNELIUS LEWIS,

Defendant - Appellant.

O R D E R

The court amends its opinion filed January 13, 2006, as follows:

On page 6, line 5 -- the final word "fraud" is corrected to read "perjury."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4626**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKIE CORNELIUS LEWIS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Walter D. Kelley, Jr., District Judge.  (CR-04-158)

———————————

Submitted:  December 27, 2005        Decided:  January 13, 2006

———————————

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Timothy G. Clancy, MOSCHEL & CLANCY, P.L.L.C., Hampton, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Robert J. Krask, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rickie Cornelius Lewis pleaded guilty to contempt of court and making a false declaration in a bankruptcy case. The district court concluded that Lewis's false declaration in bankruptcy was more similar to perjury than to fraud, followed the sentencing guideline for perjury, and sentenced Lewis to a 21-month prison term. Lewis appeals, contending that the district court should have followed the guideline for fraud, which would have given him a shorter sentence. We affirm.

## I.

A lender planned in August 2002 to foreclose on Lewis's house because he had failed to pay his mortgage installments. The day before the scheduled foreclosure, Lewis filed a voluntary bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Virginia. This petition was Lewis's eighth personal petition since 1992. Lewis's filing triggered the automatic stay under 11 U.S.C. § 362(a), preventing the lender from foreclosing. The bankruptcy court dismissed Lewis's case in two separate orders issued in March and May 2003. These orders enjoined Lewis from filing any new bankruptcy case "for one year from March 14, 2003." J.A. 11.

In December 2003 the lender again planned to foreclose on Lewis's home because of missed mortgage installments. The day

before the scheduled sale, Lewis filed a voluntary petition for bankruptcy in the Eastern District of Virginia. The forms accompanying the petition required Lewis to list any "Prior Bankruptcy Case Filed Within [the] Last 6 Years," identifying such filings by court, case number, and date. J.A. 8. In response to this question, Lewis answered "None," nowhere disclosing his previous filings. He went on to sign the petition and declare under penalty of perjury that its contents were true.

The petition immediately stayed the foreclosure. But it also led a grand jury to indict Lewis in December 2004 on two counts: (1) false declaration in a bankruptcy case, 18 U.S.C. § 152(3) & 2, and (2) contempt of court, 18 U.S.C. § 401(3) & 2. In March 2005 Lewis pleaded guilty to the two counts before the U.S. District Court for the Eastern District of Virginia.

Under the United States Sentencing Guidelines, the length of the sentence on the false declaration count determined Lewis's total sentence. The probation officer's presentence investigation report initially applied USSG § 2B1.1, pertaining to fraud, to the false declaration count and recommended a guideline sentence of 10 to 16 months. At the behest of the government, the officer amended the report to instead apply USSG § 2J1.3, pertaining to perjury, yielding a corrected recommendation of 21 to 27 months. The district court agreed with the government that USSG § 2J1.3 applied and went on to sentence Lewis to 21 months on the false declaration

3

count. This appeal challenging the district court's guideline selection followed. We review this legal question de novo. United States v. Lambert, 994 F.2d 1088, 1091 (4th Cir. 1993).

## II.

The Guidelines and our precedent require the sentencing court to "[d]etermine the offense guideline section . . . applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted)." USSG § 1B1.2; see Lambert, 994 F.2d at 1091. When the charged offense "appear[s] to fall under the express terms of more than one guideline," the sentencing court must select the "most applicable" guideline by "compar[ing] the guideline texts with the charged misconduct, rather than the statute (which may outlaw a variety of conduct implicating several guidelines) or the actual conduct (which may include factors not elements of the indicted offense)." Lambert, 994 F.2d at 1092.

The applicable guideline is usually found in the Statutory Index to the Guidelines. Convictions under 18 U.S.C. § 152 may be governed by one of three guidelines listed in the Index: USSG § 2B1.1 (covering, inter alia, fraud and deceit), § 2B4.1 (commercial bribery), or § 2J1.3 (perjury). The parties agree that § 2B4.1 is not pertinent to this case. Thus, the district court's task was to determine whether the "offense conduct charged in . . .

4

the indictment" more closely matched fraud under USSG § 2B1.1 (one of the Chapter 2, Part B "basic economic offenses"), or perjury under § 2J1.3 (one of the Chapter 2, Part J "offenses involving the administration of justice").

Lewis contends that his conduct was more similar to fraud than to perjury. He argues that he lied to the bankruptcy court about his prior bankruptcy history with the aim of depriving the lender of its legal right to foreclose on Lewis's house. Lewis argues this was a "dishonest method or scheme" that perpetrated a fraud on the lender. Appellant's Br. at 10.

This argument is unpersuasive because it does not focus on the "conduct charged in the count of the indictment . . . of which the defendant was convicted." USSG § 1B1.2. The indictment did not characterize the false declaration Lewis made as part of a scheme aimed at a specific creditor. Indeed, the indictment did not even mention the lender by name. Rather, the indictment concentrated on the gravity of Lewis's misrepresentation to the bankruptcy court. The indictment stressed, for example, the fact that all of the documents a debtor must file with a bankruptcy petition "are attested to <u>under penalty of perjury</u>." J.A. 6 (emphasis added). The gravamen of the indictment was that Lewis's false declaration interfered with the bankruptcy court's administration of justice.

5

Thus, our conclusion is the same as that reached by the district court:  a comparison of the charged misconduct as described on the face of the indictment with the guidelines shows that Lewis was indicted for activity that is more similar to perjury than to fraud.  Sentencing him by applying the perjury guideline was therefore proper.

AFFIRMED